IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02171-M-RJ

| | |
|---|---|
| LUIS ANGEL LOZADA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN DAVID RICH, ) | |
| ) | |
| Respondent. ) | |

On September 25, 2024, F.C.I. Butner inmate Luis Angel Lozada ("petitioner"), filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [D.E. 1]. Petitioner later filed a corrected petition, Pet. [D.E. 4], and various documents in support, see [D.E. 7, 8, 9].

The court now conducts its initial review under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the action without prejudice.

Discussion:

Petitioner generally contends that the Federal Bureau of Prisons ("BOP") wrongly denied him First Step Act "time credits" and relief under the Second Chance Act. See Pet. [D.E. 4].

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis original, internal quotation marks and citation omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93.

Failure to exhaust administrative remedies is an affirmative defense that generally must be pleaded and proved, see Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017), but the court may sua sponte dismiss an action where the failure to exhaust is apparent on the face of the filings, see Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a four-step Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). An inmate first seeks to informally resolve his complaint by filing Form BP-8 and, if still unresolved, the inmate then must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). An inmate then may appeal the decision to the Regional Director within twenty days of the date of the Warden's BP-9 response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the BP-10 decision to the General Counsel within thirty days of the Regional Director's response by filing Form BP-11. Id. If the inmate does not receive a response within the time allotted for reply, including extensions, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

Petitioner acknowledges that he did not exhaust his administrative remedies before filing this action, Pet. [D.E. 4]; see also [D.E. 9] (indicating he mailed his BP-10 on Oct. 15, 2024).

2

Although he argues exhaustion would be "futile" as he will not be able to complete the administrative remedy process before he would be eligible for halfway house release, see Pet. [D.E. 4]; [D.E. 9], petitioner fails to plausibly allege either that an administrative remedy was not "available" to him within the meaning of Ross v. Blake, 578 U.S. 632, 643–44 (2016), or that "exceptional circumstances" merit bypassing the Administrative Remedy Program, cf. Timms, 627 F.3d at 530–31; United States v. Bello-Lopez, No. 3:19-CR-103-MOC, 2023 WL 5493582, at *2 (W.D.N.C. Aug. 24, 2023) ("The inability to receive good-time credits is a generalized complaint applicable to presumably a great many inmates and is not 'extraordinary.'" (citation and internal quotations marks omitted)); Crum v. Young, No. 5:20-CV-00658, 2021 WL 2434358, at *2 (S.D.W. Va. June 15, 2021) ("Moreover, '[d]istrict courts have found that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement.'" (alterations in original) (citation omitted)), appeal dismissed, 858 F. App'x 59 (4th Cir. 2021) (per curiam) (unpublished).

Thus, because it is clear from the face of the filings that petitioner did not fully exhaust his available administrative remedies before filing this § 2241 petition, dismissal without prejudice is appropriate. Custis, 851 F.3d at 361; see Rodriguez, 715 F. App'x at 265 ("Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete.").

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE the petition to allow petitioner to exhaust his available administrative remedies; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 12th day of November, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge